LESTER P. VOIGT, Secretary, Department of Natural Resources
You state that you have received correspondence from town boards, county boards and legislators requesting that the Department of Natural Resources delay action on applications for entry of some 200,000 acres of land under ch. 77, Stats., known as the Forest Crop Law. The delay is being requested because of the pendency in the legislature of Assembly Bill 138 and Senate Bills 207 and 461, any of which, if enacted into law, would increase the annual acreage levy payable by the property owner on lands entered under the Forest Crop Law. The applications were received in 1971, hearings have been held and the department is prepared to issue orders and approvals on or before March 20, *Page 135 
1972. You state further that it has been the policy of the department to issue the orders and approvals prior to March 20 of each year on lands which meet the qualifications of the law, which orders then become effective for the whole calendar year.
You ask my opinion with respect to:
(1) What authority, if any, the Department of Natural Resources has to alter or delay the normal processing sequence on current Forest Crop Law applications in response to such requests for delay, and
(2) What effect the enactment of pending legislative proposals will have upon applications now in process
The pertinent statute which fixes the time limitations within which the Department of Natural Resources must act is sec. 77.02
(2) and (3), Stats., which provides in part as follows:
"(2) NOTICE OF HEARING, ADJOURNMENT. Upon the filing of such petition the department of natural resources shall set such matter for public hearing at such time and place as it sees fit, but not later than one year from the date of such filing . . . .
"(3) DECISION, COPIES. After hearing all the evidence offered at such hearing and after making such independent investigation as it sees fit the department of natural resources shall make its findings of fact and make and enter an order accordingly. If it finds that the facts give reasonable assurance that a stand of merchantable timber will be developed on such lands within a reasonable time, and that such lands are then held permanently for the growing of timber, rather than for agricultural, mineral, recreational or other purposes, and that all persons holding incumbrances against such land have in writing agreed to the petition, the order entered shall grant the request of the petitioner on condition that all unpaid taxes against said lands be paid within 30 days thereafter; otherwise the department of natural resources shall deny the request of the petitioner . . . . Any order of the department relating to the entry of forest crop lands issued on or before March 20 of any year shall take effect in such year, but all orders issued after March 20 of any year shall take effect the year following." *Page 136 
There is no stated limitation of the time within which an order must be issued after hearing.
The provision of sec. 77.02 (3), Stats., which grants the Department of Natural Resources the right to make such independent investigations as it sees fit after hearing, indicates that the legislature did not intend to compel immediate issuance of an order. The annual March 20 cutoff date for property tax abatement has no significance with respect to the date of order issuance. It provides only that orders issued prior thereto take effect for that calendar year and orders issued thereafter are effective the year following. However, although your department has adopted a policy of issuing such orders before March 20, you do not indicate whether this policy was adopted pursuant to ch. 227, Stats., or whether it is an informal practice. In any case, the requests for delay disclose no basis pursuant to either statute or administrative practice for undue delay in issuing orders.
Although there are several legislative proposals pending, the policy of the state is declared in sec. 77.01, Stats., as encouraging the preservation from destruction or premature cutting the remaining forest growth of the state. Consistent with that policy and the administrative practice of your department, it is my opinion that orders must be issued within a reasonable time after completion and review of the hearing transcript and such independent investigation as the department sees fit to make. Requests for delay by individual legislators or municipal entities are not a valid basis for withholding the normal processing procedure of applications properly made under the provisions of ch. 77, Stats.
If the department intentionally and unnecessarily delays the issuance of orders because of legislators' requests, the administrative determination would be subject to attack on the basis that the merits of the application had been disregarded. Although the decision rather than delay was at issue, the applicable principle of law was stated in D.C. Federation v.Volpe (1971), 459 F.2d 1231, D.C. Cir. as follows:
". . . the decision would be invalid if based in whole or in part on the pressures emanating from Representative Natcher. Judge Fahy agrees, and we therefore hold, that on remand the Secretary *Page 137 
must make new determinations based strictly on the merits and completely without regard to any considerations not made relevant by Congress in the applicable statutes."
Since Assembly Bill 138 and Senate Bills 207 and 461 are subject to amendment and executive veto prior to becoming law, this opinion is not addressed to the effect of any specific pending proposal. However, in response to your second inquiry, legislation is prospective in operation unless the legislature expressly otherwise provides. Sec. 990.05, Stats.
Section 77.03, Stats., provides that: ". . . The passage of this act, petition by the owner, the making and recording of the order hereinbefore mentioned shall constitute a contract between the state and the owner. . . ." Until all of the foregoing elements have occurred, the owner has no vested right to have his property tax abated pursuant to ch. 77, Stats. The applicable canon of construction was set forth by the Wisconsin Supreme Court in Department of Revenue v. Dziubek (1970), 45 Wis. 499 at 505 as follows:
"`An amendatory statute, like other legislative acts, takes effect only from its passage, and will not be construed as retroactive or as applying to prior facts or transactions, or to pending proceedings, unless a contrary intention is expressly stated or necessarily implied.'"
In conclusion, it is my opinion that the requests by individual legislators and petitions by town and county boards present no basis for undue delay in issuing orders, and that enactment of any of the legislative proposals would apply only to property affected by orders issued after the bills became law. The application and hearing do not create a vested right in a property owner which would survive amendatory legislation.
RWW:TLP